# MEMORANDUM DECISIONS.

ADAMS, Appellant, v. MASSEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 8, 1905.) Action by Jesse M. Adams, administrator, etc., against George B. Massey. No opinion. Judgment affirmed, with costs.

ALDEN SPEARE'S SONS CO., Appellant, v. ALGER, Respondent. (Supreme Court, Appellate Division, First Department. March 24, 1905.) Action by the Alden Speare's Sons Company against Stewart C. Alger. W. E. Warland, for appellant. J. J. Allen, for respondent. No opinion. Judgment affirmed, with costs.

ALT et al., Respondents, v. DOSCHER, Appellant. (Supreme Court, Appellate Division, Second Department. March 24, 1905.) Action by Charles Alt and Alexander S. Drescher against Claus Doscher. No opinion. Motion for leave to appeal to the Court of Appeals granted.

AMERICAN ICE CO., Respondent, v. CATSKILL CEMENT CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 8, 1905.) Action by the American Ice Company against the Catskill Cement Company.

PER CURIAM. Application for leave to appeal to Court of Appeals granted, and questions certified as follows: "(1) Before the enactment of chapter 749, Laws 1904, had the defendant the right to carry on a lawful manufacturing business upon lands bordering on the Hudson river, if in so doing smoke, cinders, dust, or soot was discharged from its mill into the air, and carried by the winds over and upon ice formed in said river, to the injury of such ice, provided the defendant's mill was properly constructed and operated with due care? (2) Before the enactment of chapter 749, Laws 1904, had the plaintiff the right to restrain and prevent the defendant from operating its said mill, for the reason that in so doing smoke, cinders, dust, or soot was discharged from said mill into the air, and carried by the winds over and upon ice formed in the Hudson river, to the injury of such ice, although the defendant's mill was properly constructed and operated with due care in carrying on a lawful manufacturing business? (3) Is chapter 749 of the Laws of 1904 of this state constitutional?"

AMERICAN ICE CO., Respondent, v. CATSKILL CEMENT CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 8, 1905.) Action by the American Ice Company against the Catskill Cement Company. No opinion. Application for leave to appeal to Court of Appeals from order affirming order changing the venue of the action denied.

AMERICAN MORTG. CO. v. SIRE et al. (Supreme Court, Appellate Division, First Department. March 17, 1905.) Action by the American Mortgage Company against Henry B. Sire and others. No opinion. Motion denied, on payment of $10 costs.

AMERICAN TRADING CO., Respondent, v. HALL et al., Appellants. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by the American Trading Company against Alanson S. Hall and others. A. Boskowitz, for appellants. E. R. Greene, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

ANDREA, Respondent, v. CARTWRIGHT et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 4, 1905.) Action by Jacob Andrea against Ellen Cartwright and another. No opinion. Judgment unanimously affirmed, with costs.

ANDREWS, Respondent, v. ALASKA PACKERS' ASS'N et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 3, 1905.) Action by Manuel Andrews, as administrator, etc., against the Alaska Packers' Association and the J. K. Armsby Company.

PER CURIAM. We think that the plaintiff has failed to bring himself within the rule which relieves him from the obligation of filing security for costs, as the complaint is unverified, and there is no affidavit produced on his behalf tending to establish his right of action. Order reversed, with $10 costs and disbursements, and motion granted, without costs.

ASMUSSEN, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 24, 1905.) Action by John T. Asmussen against the Metropolitan Street Railway Company. C. F. Brown, for appellant. F. E. Blackwell, for respondent.

PER CURIAM. Judgment reversed, and new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered, including costs and allowance, to the sum of $3,331.45, in which event, judgment (as so modified) and order affirmed, without costs.

BAEHR v. LAKE SHORE & M. S. RY. CO. (Supreme Court, Appellate Division, Fourth Department. March 15, 1905.) Action by Mary A. Baehr, as administratrix, etc., against the Lake Shore & Michigan Southern Railway Company.

PER CURIAM. Plaintiff's exceptions overruled, motion for new trial denied, and judgment directed for the defendant, with costs. Held that, even if it be assumed that plaintiff's complaint alleges a cause of action under section 2 of the Employers' Liability Act (chapter